### Pennsylvania Labor Relations Board v. Armstrong School District Directors

*James E. Wildeman, John Duff* and *Francis A. Zulli,* for petitioner.

*Robert E. Pryde,* for respondent.

HOUSE, P. J., June 1, 1972.—On June 18, 1971, the Pennsylvania Labor Relations Board presented its petition to this court asking this court to enter an order enforcing the order of the Pennsylvania Labor Relations Board directing the Board of School Directors of Armstrong School District to bargain in good faith with the Armstrong Education Association as the bargaining representative of the school board's professional employes. Subsequently, on September 20, 1971, this court entered the following:

## ORDER

"1. That the Board of School Directors of the Armstrong School District, its agents or employees, shall negotiate in good faith a contract of employment with the school teachers association of this district;

"2. For said purpose, it is ordered and directed that such negotiations begin immediately and continue daily at hours to be fixed by the state mediator until a contract is consummated, and if any member of the school board is not present during such negotiations, such person shall be immediately available to vote upon any issue upon which the vote is necessary for determination of such issue;

"3. It is ordered and directed that the Attorney General's Office of Pennsylvania actively participate in the enforcement of this order."

Thereafter, on October 22, 1971, the order of September 20, 1971, was modified so as to eliminate the necessity for daily negotiations and also so as to eliminate the need for school board members to be immediately available to vote on any issues raised in the course of negotiations.

On May 11, 1972, by agreement of the Board of School Directors of the Armstrong School District and the Armstrong Education Association, further negotiations were placed under the control and supervision of the court. The previous orders of September 20, 1971, and October 22, 1971, remained, and still remain, open and unvacated on the record.

Upon May 23, 1972, the Pennsylvania Labor Relations Board presented its petition for rule to show cause why the Board of School Directors of Armstrong School District should not be adjudged in contempt of court for its failure to comply with the orders of this court and, in particular, for its failure

to comply with the order of this court entered September 20, 1971, as modified on October 22, 1971.

Full hearing was accorded the parties upon the return of said rule. Upon hearing, the Pennsylvania Labor Relations Board, as petitioner, produced evidence indicating several areas where petitioner contends that the respondent board of school directors failed to bargain in good faith. We are of the opinion that none of these contentions merit any consideration save one.

Petitioner introduced evidence tending to show that subsequent to the commencement of contract negotiations for the school year 1972-73, respondent ceased to negotiate with Armstrong Education Association for a contract for the year 1971-72 and either refused or neglected to include the year 1971-72 in any of its offers made on or after April 10, 1972.

Respondent concedes that none of the proposals made by it during April and May 1972, have contained any provision for economic benefits specifically designated as applying to the 1971-72 school year. However, respondent maintains that it has included economic benefits in its proposal for future years designed to compensate the teachers in the bargaining unit for the school year 1971-72. Respondent explains its failure to assign any benefits specifically to the school year 1971-72 by saying that such benefits, if now paid, would amount to "retroactive pay." Why "retroactive pay" should present any problem is not made clear and, in fact, respondent's witness characterized the problem of retroactivity as a "remote consideration."

Under the provisions of Act 195, the Public Employe Relations Act of July 23, 1970, P. L. 563 (No. 195) the school board was obligated to commence negotiations for a collective bargaining agreement

for the 1971-72 with the Armstrong Education Association in December 1970. These negotiations have never resulted in the execution of a collective bargaining agreement. It is these negotiations which are the subject of the order of this court dated September 20, 1971, wherein the Board of School Directors of Armstrong School District are commanded to bargain in good faith.

Meanwhile, in December 1971, or January 1972, the parties commenced negotiations for a collective bargaining agreement for the year 1972-73 also as required by Act 195. No agreement has yet been reached for the school year 1972-73, just as no agreement has yet been reached for the school year 1971-72.

Importantly, it is a fact that from September 14, 1971, until May 17, 1972, the members of the employes bargaining unit rendered professional services to the respondent school district under compulsion of an injunction, now dissolved, issued by this court prohibiting the teachers from exercising their right to withhold services and compelling them during this period to remain at their teaching posts. This injunction was issued at the complaint of the respondent board of school directors of Armstrong School District.

We cannot agree with respondent that any legal or practical considerations justify the failure of the Board of School Directors to bargain with the Armstrong Education Association for a contract specifically covering the school year 1971-72. Act 195 requires such bargaining and, more to the point, the order of this court of September 20, 1971, requires such bargaining.

It would be strange, indeed, if the Board of School Directors of Armstrong School District, having com-

pelled its professional employes to teach through most of the 1971-72 school year, could now say to these same professional employes that they are not entitled to any economic benefit for 1971-72 because this would amount to "retroactive pay."

Since the 1971-72 school year is now all but concluded, it is probably now too late for any meaningful bargaining for fringe benefits or for changes in working conditions and other terms of employment, but this does not relieve respondent of its legal duty to bargain for a contract for this school year.

Parenthetically, even respondent concedes that under no circumstances do its latest proposals allow anything to those employes who will retire at the end of the 1971-72 school year or who will sever their employment with the school district for any other reason at the end of this school year. It is estimated by respondent's witness that such employes account for between four and five percent of the total membership in the bargaining unit.

Despite its protestations to the contrary, the school district has been, and is now, failing and refusing to bargain in good faith for a contract covering, at minimum, the 1971-72 school year.

In addition to its failure to bargain in good faith for a contract for the school year 1971-72, the court is satisfied that there is evidence of other instances of bad faith bargaining in the past on the part of the school board. However, the court is satisfied that most, but not all, of these other derelictions on the part of the school board have been corrected in later negotiations. In fact, this court is of the opinion that the Board of School Directors of Armstrong School District has been making a rather earnest effort to arrive at a collective bargaining agreement of some sort at least during the period after May 11, 1972,

when the negotiations were placed under the supervision of the court.

Because of these very recent evidences of a more proper bargaining attitude on the part of the school board, it is all the more unfortunate that the board has not seen fit to obey the clear mandates of the law with respect to bargaining for the school year 1971-72.

The wisdom or sufficiency of proposals or counter-proposals made in the course of negotiations between these parties is not our concern. That is a matter for the bargaining parties to decide. The school board is, however, under a clear and unambiguous obligation to bargain with the representative of its professional employes. It is the duty of this court to enforce that obligation.

We find and hold the Board of School Directors of Armstrong School District to be in contempt of court for its failure to comply with the order of this court entered September 20, 1971, as thereafter modified and supplemented. In consequence of this finding, we now enter the following

## ORDER OF COURT

And now, June 1, 1972, after full hearing and it appearing to the court that the Board of School Directors of Armstrong School District has failed to comply with the order of this court entered September 20, 1971, as modified and supplemented, in that it has neglected and refused and continues to neglect and refuse to bargain and negotiate in good faith with the Armstrong Education Association for a collective bargaining agreement. Now, therefore, the rule entered May 23, 1972, is made absolute and the Board of School Directors of Arm-

strong School District is adjudged to be in contempt and, therefore, it is further ordered as follows:

1. The Board of School Directors of Armstrong School District shall commence forthwith to negotiate and bargain in good faith with Armstrong Education Association for a collective bargaining agreement including but not limited to the school year 1971-72; and

2. That all such negotiations shall take place under the supervision of this court in the form and manner provided in the order of court entered May 11, 1972; and

3. That leave is granted to Pennsylvania Labor Relations Board to apply to the court for the imposition of sanctions against the Board of School Directors of Armstrong School District if said Board of School Directors shall fail to purge themselves of this contempt forthwith.